# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO
### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.
Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.
Clerk—Seba H. Miller, Springfield.
Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.
Regular Term—First Tuesday after first Monday of January, at Columbus.
Reporter—John W. L. Henney, Columbus; Bell.
Assistant Reporters—Clinton Collins. H L. Connett, Columbus.

### LAW LIBRARY

Librarian—Louis McCallister, Columbus.
Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

No new cases this week.

### SYLLABI

No. 17787—State of Ohio v. W. J. Kuhner and Eliza S. King, partners, etc. Error to the Court of Appeals of Franklin county, Ohio.

PUBLIC CONTRACTS—(1) Certificate of money in treasury, under 5660 GC., need not be recorded—(2) State highway contracts, 1206 GC., makes mandatory two weeks' advertising—(3) Failure to so advertise a complete defense—(4) Subsequent curative act, 108 OL. 1122, cannot validate.

MATTHIAS, J.

1. The provision of Section 5660, General Code, that no contract or obligation involving the expenditure of money may be entered into by the public officials there designated unless the officer named first certifies that the money required is in the treasury to the credit of the fund from which it is to be drawn, is mandatory, and the making of such certificate is a prerequisite to the execution of a valid contract but it is not essential to the validity of such contract that the certificate be recorded.

2. The requirement of Section 1206, General Code, that "the state highway commissioner shall advertise for bids for two consecutive weeks," is mandatory, and a contract entered into on June 14, after advertisement in two weekly newspapers of the county on June 6 and June 13, is invalid.

3. In an action brought to recover damages for the failure to enter upon and complete a contract for a highway improvement, such invalidity of the contract is a complete defense.

4. Such contract cannot be validated so as to bind a contract for a highway improvement, such invalidity of the contract is a complete defense.

4. Such contract cannot be validated so as to bind a contractor or his surety by the passage of a so-called curative act subsequent to the default of the contractor and the construction of the improvement by the state. Construed otherwise the act of the general assembly passed December 18, 1919 (108 OL., pt. 2, 1122), would be retroactive and in conflict with Section 28, Article II, of the Constitution of Ohio.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Day and Allen, JJ., concur.

---

No. 17653—The Norpac Realty Company v. Jacob R. Schackne. Error to the Court of Appeals of Lucas county, Ohio.

CONTRACTS—(1) Stimpulated liquidated damages, when agreed amount is unreasonable, will not be enforced—(2) Applies to land contracts, upon failure to pay intallments.

JONES, J.

1. Where it is impossible for a vendor and vendee, contracting for the sale of property, to fix with any degree of certainty what damages may accrue to the seller under the contract, they may agree upon a stipulated amount as liquidated damages. The foregoing principle is subject to the following qualifications: If the amount so agreed upon is extravagantly unreasonable or manifestly disproportionate to the actual damages sustained, a court of equity will not enforce the provision for liquidated damages, but will regard it as a penalty.

2. Where the seller and purchaser under a land contract have agreed that upon failure of the latter to pay installments of the purchase price the contract should be forfeited and payments made retained by the seller as stipulated damages, and the purchaser is unable or unwilling to pay the remaining installments as agreed, the vendor is entitled, subject to the foregoing qualification, to bring an action quieting his title and rescinding the contract, without tendering back the payments made.

Judgment affirmed.

Wanamaker, Robinson, Matthias, Day and Allen, JJ., concur.

---

No. 17593—The Younger & Farmer Co. v. Janet M. Halliday. Error to the Court of Appeals of Cuyahoga county.

PRACTICE—(1) Amendment of pleading after waiver if jury does not cancel waiver—(2) Too late after trial and judgment, to raise question as to which pleadings authorize.

ROBINSON, J.

1. An amendment to a pleading, after a jury has been waived, which does not change the issues of fact but affects the remedy only, is not effective to cancel the waiver of a trial by jury.

2. Where a case is tried upon a given theory, and evidence is introduced pro and con upon such theory without objection, it is too late after trial and judgment to raise the question for the first time whether the pleadings warrant such a theory.

Judgment of the Court of Appeals reversed and that of the Court of Common Pleas affirmed.

Wanamaker, Jones, Matthias and Allen, JJ., concur.